Helen O. **LITTLE**, Plaintiff-Appellant,

v.

Elliot L. **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 71-2794.

United States Court of Appeals, Ninth Circuit.

Dec. 29, 1972.

John C. Smith, Jr., of Levy & Van Bourg, Oakland, Cal., for plaintiff-appellant.

James L. Browning, Jr., U. S. Atty., Brian C. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before MERRILL, ELY, and GOODWIN, Circuit Judges.

PER CURIAM:

◼ In 1962 appellant applied for Social Security disability benefits, asserting disability as of December 31, 1962. Benefits were denied. On August 29, 1968, appellant filed another application, again asserting disability as of December 31, 1962. She was granted hearing at which she presented additional evidence. Again benefits were denied. Review was sought in the District Court pursuant to 42 U.S.C. § 405(g).[1] Summary judgment was granted in favor of the Secretary and this appeal followed.

The question presented is whether substantial evidence supports the Secretary's determination that appellant was not disabled within the meaning of the Act as of December 31, 1962. The Secretary contends that substantial evidence presented at the first hearing supported his decision made at that time and that evidence presented at the second hearing, at most, showed continuing deterioration of appellant's condition since December 31, 1962, and did not materially bear on her condition prior to that date. Such was the holding of the hearing examiner. We agree.

◼ Appellant contends that errors on the face of the record of the first hearing precluded the Secretary from giving weight to the decision made at that time. She contends first that the hearing examiner at the first hearing, in evaluating her disability in light of her educational background, erroneously proceeded on the belief that she had two-and-one-half years of college education, when in fact she had had no more than an eighth-grade education.[2] However, at the second hearing the true facts were established and were taken into consideration by the examiner in evaluating appellant's disability. He concluded that the true educational facts would not affect the original decision.

◼ Second, appellant contends that the hearing examiner at the first hearing failed to attach sufficient weight to a state determination of disability. It appears from the record, however, that the hearing examiner knew of the state proceedings and decision (although he did not have the findings before him) and considered the same infirmities as had been considered by the state. He simply came to a different conclusion. On this contention of appellant, the District Court ruled: "It is obvious that reasonable men could differ as to plaintiff's disability in December, 1962. Reasonable men did, in fact, differ herein. Given that the State decision is in no way binding on defendants, and given that both agencies herein have had the same evidence before them, the failure to give more weight to the State findings is not clear 'error on the face of the record.'" We agree.

Judgment affirmed.

---

1. While the hearing examiner held that reopening of the earlier decision was not warranted on appellant's showing, it appears from the record that he did in fact make a *de novo* determination on the merits on review of the entire record, including both hearings. Thus a final decision reviewable under 42 U.S.C. § 405

(g) was entered and we need not face the question of reviewability of an order denying reopening. *See* Kasparek v. Gardner, 409 F.2d 214 (9th Cir. 1969).

2. This error was invited by appellant who gave this misinformation in her application for benefits.