Robert S. WILSON, Jr.,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 84–2248.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 1985.

Decided May 24, 1985.

R.A. Melkonoff, Gorey, Delaney & Melkonoff, Phoenix, Ariz., for plaintiff-appellant.

John R. Mayfield, Asst. U.S. Atty., Phoenix, Ariz., Joseph Stein, Asst. Regional Atty., U.S. Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before SCHROEDER, NELSON, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Robert Wilson appeals the district court's grant of summary judgment in favor of the Secretary. We affirm.

## I. FACTUAL BACKGROUND

In December, 1971, appellant began receiving disability benefits from the state of Arizona. On January 1, 1974, appellant was "grandfathered" into the newly created Supplemental Security Income ("SSI") program, pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383c. In 1981, appellant's SSI benefits were terminated because his wife's income exceeded the permissible limit.

On July 1, 1981, appellant filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433 (1983). Appellant's application was denied both initially and upon reconsideration. Appellant then requested a hearing on his application, which was conducted on September 1, 1982. Subsequent to the hearing, an administrative law judge concluded that appellant had failed to prove that he was "disabled" within the meaning of Title II as of December 31, 1975, the date on which his insured status expired. Upon affirmation of the ALJ's determination by the Appeals Council, appellant brought this action against the Secretary in district court in order to set aside the Secretary's finding and to obtain disability benefits. The district court granted summary judgment in favor of the Secretary.

## II. ISSUES ON APPEAL

Appellant raises three issues on this appeal. First, appellant contends that since he had been receiving SSI disability benefits, and since the standards of eligibility under SSI and Title II are virtually identical, he is automatically entitled to benefits under Title II. Second, appellant contends that the Secretary's implementation of the SSI program so as to afford him benefits constituted a determination of disability, and that in the absence of any reason to believe that this determination was wrong, the Secretary is estopped from now finding that he is ineligible for Title II benefits. Finally, in his "statement of issues," appellant sets forth a third issue: whether the Secretary's finding as to disability is supported by substantial evidence.

### A. Relationship Between Appellant's SSI Eligibility and Title II Eligibility

Prior to implementation of the SSI program, the federal government assisted state aid programs for the disabled with matching funds. See Livermore v. Heckler, 743 F.2d 1396, 1398 (9th Cir.1984). In 1972, Congress enacted the SSI program, through which it provided benefits directly to disabled individuals. See 42 U.S.C. § 1381 (1983); Grunfeder v. Heckler, 748 F.2d 503, 505 (9th Cir.1984). The SSI program established uniform standards of eligibility which, in some cases, were more stringent than the requirements for the state programs that SSI replaced. Thus, in some circumstances, "the statutory revision threatened to deprive individuals of the continued right to receive disability benefits." Finnegan v. Matthews, 641 F.2d 1340, 1346 (9th Cir.1981). In order to avoid this harsh and unintended effect of the SSI program, the SSI legislation contained a "grandfather clause" that specifically exempted recipients of state disability benefits from the burden of satisfying the new uniform federal standards. Id.[1] Thus, as a beneficiary of this statutory exemption, appellant was eligible to receive

---

1. This exemption provides that
   "an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 ... so long as he is continuously disabled as so defined."
   42 U.S.C. § 1382c(a)(3)(E) (1983); see also 20 C.F.R. § 416.907 (1984).

SSI benefits without having to satisfy the federal standards of eligibility.

■ Appellant points initially to the substantial similarity between the standards of eligibility under SSI and Title II, arguing that one who is eligible for SSI benefits is necessarily eligible for Title II benefits. However, our review of the record reveals that appellant received his SSI benefits solely because he fell within the grandfather clause. There is no evidence in the record indicating that appellant independently satisfied the federal standards for eligibility. Rather, because appellant had previously met the state standards of disability, the grandfather clause entitled him to receive benefits under SSI. Thus, regardless of the similarity between the SSI and Title II eligibility requirements, the fact that appellant did not independently meet the standards of eligibility under SSI bars any contention that he is automatically entitled to Title II benefits.

We are unable to conclude that one who is grandfathered into the SSI program is presumed to have met the federal standards of eligibility. It is clear that the purpose of the grandfather clause was to prevent the harsh and often unfair operation of a statutory change. *See Finnegan,* 641 F.2d at 1346. Neither the language of the grandfather clause nor its legislative history indicates that a grandfatheree is to be deemed to have met the federal requirements. Rather, for purposes of the SSI program, the clause waives the federal standards of eligibility for those who have previously met state standards. Accordingly, we conclude that appellant's eligibility for SSI benefits does not automatically entitle him to Title II benefits.

■ Appellant also points to the state standard under which he was found eligible to receive state disability benefits, contending that the Arizona standard is more rig-

orous than those under SSI and Title II. Appellant argues that since he has satisfied the more rigorous state standard, he should, *ipso facto,* be conclusively presumed to have met the Title II standard. Although appellant's argument finds some support in logic, it overlooks the fact that entitlement to Title II benefits must be based upon a determination of disability by the Secretary. Pursuant to 20 C.F.R. § 404.1504, the Secretary has reserved for herself the determination of entitlement to Title II benefits.[2] Here, the only determination of disability was made by the state of Arizona and is not binding on the Secretary. *See id; see also Little v. Richardson,* 471 F.2d 715, 716 (9th Cir.1972) (in determining entitlement to social security disability benefits, the Secretary is in no way bound by prior state disability determinations). Thus, although the Arizona standard does appear to be more rigorous than those under SSI and Title II, the fact that state officials have determined that he satisfies the state standard does not relieve him of his burden of proving to the Secretary that he is disabled within the meaning of Title II. The state finding may be introduced into evidence before the Secretary, but she may attribute as much or as little weight to it as she deems appropriate. *See id.*

### B. *Appellant's Estoppel Argument*

Appellant also contends that because the Arizona state standards are more rigorous than the SSI and Title II standards, the Secretary is estopped from finding that he is not disabled within the meaning of Title II. Appellant relies on a regulation promulgated by the Secretary which provides as follows:

*Collateral estoppel—issues previously decided.* An issue at your hearing may be a fact that has already been decided in one of our previous determinations or

---

**2.** 20 C.F.R. § 404.1504 (1984) provides as follows:

A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

decisions in a claim involving the same parties, but arising under a different title of the Act.... If this happens, the administrative law judge will not consider the issue again, but will accept the factual finding made in the previous determination or decision unless there are reasons to believe that it was wrong.

20 C.F.R. § 404.950(f))(1984).

 As we have noted, we find no indication in the legislative history underlying the grandfather clause that grandfatherees are to be viewed as having met the SSI standards of disability. Thus, a determination of eligibility under the grandfather clause does not operate as a determination of disability. The estoppel regulation on which appellant predicates his argument is limited by its terms to previous factual determinations by the Secretary. As discussed in the previous section, the sole determination of disability was made in 1974 by the state of Arizona. We are therefore unable to conclude that the Secretary is estopped from finding that appellant is not disabled within the meaning of Title II.

Since the Arizona disability standard does appear to be more rigorous than the SSI or Title II standard, had the Secretary, for purposes of determining continuing eligibility under SSI, made her own determination at any point that appellant in fact continued to meet the Arizona standard, our conclusion as to the availability of the estoppel argument might well have been different. *See* 42 U.S.C. § 405(h) (1983); 20 C.F.R. § 404.950(f) (1984). However, in the absence of any indication in the record that such a determination was ever made by the Secretary, appellant's estoppel argument must fail.

### III. THE SUBSTANTIAL EVIDENCE INQUIRY

We turn now to appellant's final "issue" —whether the Secretary erred in finding that he was not disabled within the meaning of Title II.

 Judicial review of the Secretary's decision is limited to a determination that the findings of fact are supported by substantial evidence in the record. 42 U.S.C. § 405(g) (1983); *Chavies v. Finch,* 443 F.2d 356 (9th Cir.1971). In the statement of facts contained in his brief, appellant sets forth certain facts that would be relevant to a contention that the Secretary's finding is not supported by substantial evidence. However, nowhere in his brief does he offer any argument or analysis on this point. We therefore doubt that the issue has been properly presented on appeal. Nevertheless, our independent review of the record discloses that substantial evidence does support the Secretary's finding that appellant was not disabled on or before the date on which his insured status expired. In the hearing before the ALJ, appellant simply failed to offer sufficient evidence to carry his burden of establishing his disability as of that date.

AFFIRMED.