**Thomas J. CAENEN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV–S–88–721–PMP (RJJ).**

United States District Court, D. Nevada.

Oct. 3, 1989.

Thomas J. Caenen, Las Vegas, Nev., pro se.

William A. Maddox, U.S. Atty., Carlos A. Gonzalez, Asst. U.S. Atty., Las Vegas, Nev., for defendant.

## ORDER

PRO, District Judge.

Plaintiff Thomas J. Caenen filed an application for supplemental security income on December 16, 1986, before the Secretary of Health and Human Services pursuant to the Social Security Act, 42 U.S.C. § 405(g) as amended. He alleged disability commencing in December 1986 as a result of muscular fibrosis and degenerative arthritis. Plaintiff presented medical records and oral testimony to Administrative Law Judge Allard ("ALJ") regarding these conditions, but on January 21, 1988 the ALJ found that Plaintiff was not under a "disability," and was therefore not entitled to receive supplemental security income under sections 1602 and 1614(a)(3)(A) of the Social Security Act.

Plaintiff filed a request for review by the Appeals Council on March 28, 1988, and on June 7, 1988 his request was denied. Having exhausted his administrative remedies, Plaintiff filed a Complaint in this Court on August 12, 1988 (# 1) seeking judicial review of the Secretary's decision. Defendant Secretary of Health and Human Services' Answer was filed on January 20, 1989 (# 4), following a delay in achieving service of process. Plaintiff filed a Motion to Remand the case based on new evidence on July 6, 1989 (# 15). Defendant filed an Opposition to the Motion on July 21, 1989 (# 16), and Plaintiff filed a Reply on August 21, 1989 (# 20). In addition, Defendant filed a Motion for Summary Judgment on June 30, 1989 (# 13). Although Plaintiff, who is proceeding pro se, has never filed an Opposition to this Motion, he has responded to it in his briefs regarding the Motion to Remand. This Court will therefore consider both Motions on their merits.

## I. MOTION TO REMAND

Plaintiff has filed a Motion to Remand to the ALJ based on medical evidence ob-

tained since the ALJ decision. Under 42 U.S.C. § 405(g) (1983), whose standards for judicial review apply to supplemental security income claims under 42 U.S.C. § 1383(c)(3), a remand may be ordered "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The Fifth Circuit has held that the materiality requirement is satisfied "only where there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Dorsey v. Heckler*, 702 F.2d 597, 604–05 (5th Cir.1983). This test was adopted by the Ninth Circuit in *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380–81 (9th Cir.1984). This Court must therefore determine whether there is a reasonable possibility that the new evidence proffered by the Plaintiff would have changed the ALJ's decision if he had considered it.

■ The first piece of evidence relied on by the Plaintiff is a finding by the Veterans Administration ("VA") that he is fully disabled. Attached to Plaintiff's Motion to Remand as Exhibit "A" is a letter dated January 10, 1989 from the VA approving Plaintiff's claim for a Disability Pension. It declares that there is a service-connected disability of limited motion in Plaintiff's right wrist, and there is no other explanation in the letter as to the basis for the disability determination. Such a disability determination by an agency other than Health and Human Services is not binding on the Secretary, *see* 20 C.F.R. 416.904 (1988), and it may be given "as much or as little weight as [the Secretary] deems appropriate." *Wilson v. Heckler*, 761 F.2d 1383, 1385 (9th Cir.1985).

■ It appears that the VA determination is deserving of little or no weight in this context where the issue is whether it might have affected the ALJ decision. First, if it is based on the wrist condition, it is not new evidence for Plaintiff testified in the oral hearing before the ALJ that the VA had declared his problem with his wrist to be a service-connected disability. (Tr. 40) Second, even if it is based upon a finding of Chronic Pain Disorder and Dysthymic Disorder, as Plaintiff alleges, it is still deserving of little weight. Chronic Pain Syndrome means only that there are complaints of pain, a fact well-known and considered by the ALJ. (Tr. 14) On the other hand, Dysthymic Disorder means depression, a condition that appears to have begun after Plaintiff's young son died in a drowning accident nineteen years ago. Plaintiff worked in spite of this condition until 1986, so it should not be considered a disabling condition now. Plaintiff asserts, however, that the current depression results not from this tragic accident but from the pain he claims to experience from his arthritis. The VA Medical Certificate signed by a Dr. Anderson (fifth page of medical records attached as exhibits to Motion) indicates that the Plaintiff "reported he has been depressed 19 yrs. since his 8 yr. old son drowned." The statement to the doctor while seeking treatment and counseling is much more reliable than the statements made in these proceedings seeking Social Security benefits. The VA determination therefore does not meet the test of materiality and does not warrant a remand.

■ The other evidence presented by the Plaintiff is the diagnosis of Rheumatoid Arthritis by Dr. Wicker, who the Plaintiff has been seeing regularly since February 1988. There are a number of reasons why this, too, fails to meet the materiality requirement. The medical reports indicate that "rheumatoid panels" have been done repeatedly with normal results, and X-rays have not supported the diagnosis either. In fact, these contrary indications have led Dr. Shumaker to doubt that the Plaintiff has Rheumatoid Arthritis, and to suggest testing for other possible causes for his discomfort. (Notes of 8/16/88 in exhibits to Motion).

Besides the doubt about whether the diagnosis is correct, its materiality is also called into question because it does not appear to be based on any new symptoms not considered by the ALJ. There is no

allegation that the condition of Plaintiff's joints has significantly worsened or that his range of motion has decreased. In light of all this, there is no reasonable possibility that this evidence would have affected the outcome of Plaintiff's claim if the ALJ had considered it.

Plaintiff's Motion to Remand is therefore denied.

## II. MOTION FOR SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Defendant has moved for summary judgment on Plaintiff's request for judicial review of the ALJ ruling, and has requested that the final decision of the Secretary be affirmed. Both parties have stipulated to the accuracy of the ALJ's summaries of the medical evidence and the hearing testimony (subject to a clarification by the Plaintiff on one point that is not pertinent to this Court's decision.) Therefore, there is no genuine issue of material fact, and the Court now turns to the applicable law.

The decision of the Secretary of Health and Human Services on a disability claim may be reviewed by the district court if the complaint is filed within 60 days of the decision. See Thompson v. Schweiker, 665 F.2d 936, 940 (9th Cir.1982); 42 U.S.C. § 405(g). The standards of judicial review prescribed for disability claims also apply to supplemental security income claims. 42 U.S.C. § 1383(c)(3); 42 U.S.C. § 405(g).

This Court's standard of review asks whether the Secretary's decision is supported by substantial evidence. See Lewin v. Schweiker, 654 F.2d 631, 633 (9th Cir. 1981); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); Cox v. Califano, 587 F.2d 988, 989–90 (9th Cir.1978). The Plaintiff, on appeal from denial of his claim for supplemental security income benefits, has the burden of proving some medically determinable impairment which prevents him from engaging in any substantial gainful activity. See Emler v. Califano, 462 F.Supp. 109 (D.Kan.1978); 42 U.S.C. §§ 423(d)(1)–(3).

In a disability benefits proceeding, the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so. See Montijo v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir.1984); Rhodes v. Schweiker, 660 F.2d 722, 723 (9th Cir.1981). If an administrative law judge wishes to disregard the opinion of the treating physician in determining eligibility for social security benefits, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on "substantial evidence" in the record. Murray v. Heckler, 722 F.2d 499 (9th Cir.1983).

Social Security Regulation No. 16 requires the ALJ to proceed through the following sequential analysis. If it is determined that a claimant is or is not disabled at any point in the review, further review is not necessary. The steps are in sequence:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 416.920(b));

2. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 416.-920(d));

3. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 416.920(e));

4. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 416.920(f)).

The ALJ, in denying Plaintiff's application for supplemental security income, made the following findings:

1. The claimant has not engaged in substantial gainful activity since July 1986.

2. The medical evidence establishes that the claimant has the following medically determinable impairments: osteoarthritis, degenerative joint disease, hypertension and obesity, but that he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

3. The claimant's subjective symptoms do not preclude substantial gainful activity.

4. The claimant has the residual functional capacity to perform work-related activities except for work involving greater than sedentary-level exertion (20 C.F.R. 416.945).

5. The claimant's past relevant work as an attorney or operations officer did not require the performance of the work-related activities precluded by the above limitation(s) (20 C.F.R. 416.965).

6. The claimant's impairments do not prevent the claimant from performing his past relevant work.

7. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. 416.920(e)).

■ Having read the medical reports and other evidence in the record, this Court finds that the above conclusion is supported by "substantial evidence," *Cox v. Califano,* 587 F.2d 988, 989–90 (9th Cir. 1978), and the Defendant is entitled to judgment in his favor as a matter of law.

IT IS THEREFORE ORDERED that the Motion to Remand (# 15) is denied.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (# 13) is granted, and the ALJ's decision is affirmed.

IT IS FURTHER ORDERED that the Clerk of Court shall forthwith enter Judgment on behalf of Defendant Secretary of Health and Human Services and against Plaintiff Thomas J. Caenen.