904 F.2d 40
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Lynn KEITH, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 89-35671.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1990.*
Decided May 29, 1990.
 Before SCHROEDER, REINHARDT and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lynn Keith, appearing pro se, appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services. Keith appealed to the district court from two administrative decisions: first, the Secretary's denial of disability benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 401-433, and second, the Secretary's reduction of his disability benefits under the Supplementary Security Income program (SSI), Title XVI of the Social Security Act, 42 U.S.C. Secs. 1381-1383. Although he appealed from the Secretary's administrative decisions, Keith appears to allege that the district court erred by failing to rule on his claim that past deductions from his wages pursuant to the Internal Revenue Code (IRC) constituted an unconstitutional taking of his property for which he is entitled to compensation.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 1291. We review questions of constitutional law de novo. Portland Fem. Women's H. Ctr. v. Advocates for Life, 859 F.2d 681, 684 (9th Cir.1988).
 
 
 4
 Keith alleges that his payment of Social Security or income taxes was "by the use of fraud, deceit, extortion ... by the government." The argument that wages are not income subject to taxes has been repeatedly rejected by this court, see, e.g., Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988); Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir.1984) (per curiam), as have claims against the constitutionality of the IRC, see, e.g., Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir.1982) (per curiam). Thus, Keith's claim for reimbursement of his income tax contributions clearly lacks merit. See Wilcox, 848 F.2d at 1009.
 
 
 5
 Because this court construes pro se pleadings liberally, Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir.1985) (en banc), we also address the merits of the Secretary's decision to reduce Keith's SSI benefits. We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). The Secretary's decision to reduce benefits must be upheld if it is supported by substantial evidence and based on a proper application of the law. 42 U.S.C. Sec. 405(g); Wilson v. Heckler, 761 F.2d 1383, 1386 (9th Cir.1985).
 
 
 6
 To qualify for SSI benefits, an individual must be aged, blind or disabled, as defined in 42 U.S.C. Sec. 1382c, and must have income and resources below the levels specified in 42 U.S.C. Sec. 1382(a). Veterans' Administration (VA) benefits are specifically included in the income counted by the Secretary when determining a disabled individual's eligibility for SSI benefits. 42 U.S.C. Sec. 1382a(2)(B).[1]
 
 
 7
 Here, Keith was determined to be eligible for disability benefits beginning November 1, 1986. In February 1987, he began receiving a VA pension.[2] This pension constituted "unearned income" within the meaning of 42 U.S.C. Sec. 1382a(2)(B) and 20 C.F.R. Secs. 416.1120, 416.1121 (1988), and the Secretary properly counted Keith's VA benefits as income when recalculating his eligibility for SSI benefits. See Whaley v. Schweiker, 663 F.2d 871, 874 (9th Cir.1981).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The purpose of the [Supplemental Security Income] program is to assure that recipients' income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of the individual." Whaley v. Schweiker, 663 F.2d 871, 873 (9th Cir.1981); accord, Paxton v. Secretary of HH & S, 856 F.2d 1352, 1353 (9th Cir.1988). Consequently, the Secretary considers income from nonemployment sources when calculating an individual's eligibility for benefits. See 42 U.S.C. Sec. 1382a(2)(B)
 
 
 [2]
 Although Keith contends that he never cashed the VA benefit checks, unearned income is counted from the date it is received for the purposes of calculating SSI eligibility. See 20 C.F.R. Sec. 416.1123(a) (1988)