45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert NELSON, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 93-55647.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Dec. 27, 1994.
 
 Before: WIGGINS, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Robert Nelson, no longer able to perform his previously held job due to pulmonary disease, applied for supplemental security income benefits pursuant to 42 U.S.C. Sec. 423. An Administrative Law Judge ("ALJ") for the Secretary of the Department of Health and Human Services ("Secretary") denied Nelson's application. The ALJ found that because Nelson could perform the job of security guard dispatcher, and because there were 500 such jobs in the regional economy (Los Angeles, Orange, Riverside and San Bernardino counties), he did not meet the statutory definition of disabled under 42 U.S.C. Sec. 423. Nelson filed a complaint in district court seeking review of the ALJ's decision. The magistrate granted the Secretary's motion for summary judgment. Nelson appeals from that order. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 
 3
 We review de novo the district court's order granting summary judgment in favor of the Secretary. Travers v. Shalala, 20 F.3d 993, 995-96 (9th Cir.1994). We must uphold the ALJ's determination that Nelson was not disabled if it was supported by substantial evidence and if it was based on the proper legal standard. Mathews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993).
 
 
 4
 Disability Under 42 U.S.C. Sec. 423(d)(2)(A)
 
 
 5
 Under 42 U.S.C. Sec. 423(d)(2)(A), a claimant is disabled for purposes of social security disability benefits if he cannot:
 
 
 6
 engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives.... For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.
 
 
 7
 The primary question before us is whether the ALJ erred in considering the Los Angeles, Orange, San Bernardino and Riverside County area to be the "region" where Nelson lives. We hold that he did not. The ALJ did not have to use the smaller, San Bernardino and Riverside County area, which Nelson argues is the appropriate region.
 
 
 8
 We also find that 500 jobs within the appropriate region of residence is enough to satisfy the "significant numbers" requirement of the disability statute. See 42 U.S.C. Sec. 423(d)(2)(A). In Barker v. Secretary of Health & Human Servs., 882 F.2d 1474 (9th Cir.1989), the Ninth Circuit found that 1266 jobs in the claimant's region was enough. Id. at 1478. See also Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988) (finding 1350 jobs to be sufficient). The Eighth Circuit has found the same number before us in this case, 500, to be enough to satisfy the "significant numbers" requirement. Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988). We likewise believe that 500 jobs in the claimant's region constitutes "significant numbers," and therefore precludes a finding of disability.
 
 New Evidence
 
 9
 Nelson also argues that the district court erred in not considering new evidence. New evidence is to be admitted if it is material and if there is good cause for not producing it earlier. Wainwright v. Secretary of Health & Human Servs., 939 F.2d 680, 682 (9th Cir.1991). We review the district court's decision not to remand to the Secretary on the basis of extra-record evidence for abuse of discretion. Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990).
 
 
 10
 Nelson argues that the district court should have remanded the matter to the ALJ based on the finding of a state ALJ (made subsequent to the decision of the Secretary's ALJ and Appeals Council), that Nelson was disabled for purposes of Medi-Cal. The Secretary correctly responds that the proffered evidence is immaterial. In the Ninth Circuit, it is the Secretary who decides whether a claimant is entitled to Social Security benefits. Wilson v. Heckler, 761 F.2d 1383 (1985). In Wilson, the appellant noted that he had met stricter state disability requirements than those required for Social Security benefits. The court squarely rejected the notion that this should be binding on the Secretary. "Although appellant's argument finds some support in logic, it overlooks the fact that entitlement to Title II benefits must be based upon a determination of disability by the Secretary." Id. at 1385. Further, "[t]he state finding may be introduced into evidence before the Secretary, but she may attribute as much or as little weight to it as she deems appropriate." Id. The agency's regulations also indicate that the Secretary, when presented with the findings of another agency, will still make her own determination: "We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us." 20 C.F.R. Sec. 404.1504. Moreover, as the district court noted, the state ALJ is not a medical expert. His finding was simply an opinion by a non-expert. As Nelson concedes: "[I]t is not uncommon for two human fact finders to come to different conclusions based on the same evidence...." Lastly, and perhaps most convincingly, in the present case the Secretary's finding was based at least in part on the fact that Nelson's lawyer conceded that Nelson could perform light work. In the face of such a stipulation, it would be difficult to consider another agency's finding to the contrary material. Accordingly, the district court did not abuse its discretion in finding that the state ALJ's decision was not material evidence.
 
 
 11
 Nelson argues that two other pieces of evidence should have been considered. The first is the medical report of Dr. Sparks, a physician who examined Nelson for purposes of the state's disability determination. This evidence is also immaterial. The report suggests that Nelson could perform no work. Nelson conceded before the ALJ, however, that he could perform light work. Further, the examination was conducted one year after the hearing before the ALJ. It is quite possible, indeed probable, that Nelson's progressive condition was worse at the time of Dr. Sparks' examination than it was at the time of the Secretary's ALJ hearing. For purposes of "new evidence," it is materiality as to the claimant's condition at the time of the ALJ hearing that is dispositive. Wainwright, 939 F.2d at 682-83.
 
 
 12
 Finally, Nelson asked the district court to consider a hospitalization report from Hi-Desert Medical Center. We find it immaterial, as well, for the same reasons given for Dr. Sparks' report.
 
 CONCLUSION
 
 13
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of the Secretary.
 
 
 
 *
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3