107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John W. MAKSHANOFF, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 95-56002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Jan. 29, 1997.
 
 Before: GOODWIN, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 PROCEEDINGS BELOW
 
 2
 After John W. Makshanoff's initial applications for disability insurance and SSI benefits were denied, he was given a hearing before Administrative Law Judge (ALJ) London Steverson on February 18, 1993. On March 24, 1993, ALJ Steverson found that Makshanoff was not disabled and thus was not entitled to benefits. The Appeals Council declined to review his case on July 30, 1993. Makshanoff sought judicial review in United States District Court for the Central District Court of California on September 17, 1994. On February 1, 1994 Makshanoff filed a motion for summary judgment; on March 3, 1994, the government filed a cross motion for summary judgment. Magistrate Judge Andrew J. Wistrich issued a Report and Recommendation upholding the decision of the ALJ and recommending that summary judgment be granted to the government. District court Judge James M. Ideman issued an Order on May 15, 1995 adopting the recommendation of the magistrate and granting summary judgment for the government. On June 30, 1995, Makshanoff filed a Notice of Appeal. Makshanoff appeals from the district court's grant of summary judgment in favor of the government in Makshanoff's action to review the Social Security Administration's determination that he was not disabled and thus was neither entitled to supplemental social security income (SSI) nor disability insurance benefits under Title II, 42 U.S.C. § 401 et seq., and Title XVI, 42 U.S.C. § 1381 et seq., of the Social Security Act.
 
 FACTS
 
 3
 Claiming an on the job back injury on February 14, 1989, from lifting 75 pounds of metal castings, Makshanoff filed applications for disability insurance benefits and SSI benefits on October 28, 1992. Makshanoff alleged that he had become unable to work since March 9, 1989 due to severe pain in his back, legs, neck and head. As a result, Makshanoff has allegedly also suffered severe anxiety, depression and alcohol abuse.
 
 
 4
 Makshanoff was initially treated with chiropractic care and physical therapy. On March 27, 1989, a Magnetic Resonance Imaging test revealed moderately severe central disc herniations at L4-5 and at L5-S1 of the lumbar spine. After experiencing numbness and further pain, Makshanoff sought treatment from Dr. Omar Espinosa, a neurosurgeon. In July 1989, these symptoms abated and Makshanoff received physical therapy for lower back problems until August 1989. Surgery scheduled for November 11, 1989 was cancelled. Makshanoff continued to improve until a slip and fall accident in a grocery store on December 19, 1989. After reporting some improvement, Makshanoff declined acupuncture treatment in January 1990. On February 22, 1990, Dr. Espinosa determined that Makshanoff's condition was permanent, but that he had shown marked improvement in both subjective assessment and objective findings. Dr. Espinosa concluded that Makshanoff could perform only light work that did not involve prolonged standing or sitting.
 
 
 5
 On August 20, 1991, a California state ALJ found Makshanoff disabled and eligible for Medi-Cal benefits.
 
 
 6
 After an auto accident on March 10, 1992, Makshanoff was treated by Dr. Clyde Luck, Jr. for headache and back and neck pain. On April 29, 1992, the LAC/USC Medical Center Emergency Room treated him for chronic back pain. Abut June 1992, Dr. Luck reported that Makshanoff had improved sufficiently to discontinue treatment.
 
 
 7
 On July 25, 1992, Dr. Santosh Kumar reported that Makshanoff was undergoing psychotherapy for depression and anxiety.
 
 
 8
 Makshanoff again received treatment at the LAC/USC center from August 5, 1992 to February 10, 1993. From November 1992 to January 1993, Makshanoff reported pain relief due to epidural blocks. In February 1993, Makshanoff's treating physician reported that he had no disability.
 
 
 9
 At the hearing before ALJ Steverson, Makshanoff testified that his daily routine includes reading law, history and other types of books for six hours, and that he watches television for three and a half hours, spends considerable time talking on the phone to friends, cleans up around the apartment and is able to do his laundry and drive a car. Makshanoff also testified that he can lift under 20 pounds, walk up and down stairs and play a musical instrument.
 
 STANDARD OF REVIEW
 
 10
 A district court's order affirming a Social Security Commissioner's denial of benefits is reviewed by this court de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The decision by the Commissioner must be upheld, however, if it is supported by substantial evidence and the Commissioner correctly applied the law. Smolen, 80 F.3d at 1279; Flaten v. Secretary, 44 F.3d 1453, 1457 (9th Cir.1995). Substantial evidence is more than a mere scintilla, but less than a preponderance. Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ cannot discount a claim of excess pain without making specific findings supporting that decision. Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir.1996).
 
 ANALYSIS
 
 11
 I. THE ALJ DID NOT ERR IN FINDING THAT MAKSHANOFF WAS NOT DISABLED
 
 
 12
 Makshanoff claims that the ALJ based his decision that he was not disabled on five incorrect or inadequate reasons. First, he contends that the ALJ failed to explain why Makshanoff failed to equal, even if he did not meet, section 1.05 of the listing of impairments (the listings). Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir.1990). The ALJ has a duty to make this determination 20 C.F.R. § 416.920(d). We find sufficient the ALJ's somewhat conclusory explanation:
 
 
 13
 The degenerative disc disease of the claimant's spine, and most particularly the herniated disc shown on MRI studies in August 1990 and in August 1992, does not meet or equal the requisite level of severity of section 1.05(c) of the Listing of Impairments inasmuch as a pain syndrome requiring ongoing treatment for back pain is not shown, and as there have been no dermatomal neurological deficits on clinical examination.
 
 
 14
 Second, Makshanoff claims that the ALJ failed to give any reason for rejecting Dr. Espinosa's finding that he is restricted from prolonged sitting in violation of the rule that evidence cannot be rejected without any reason. Cotter v. Harris, 642 F.2d 700, 706 (3d Cir.1981). The ALJ does provide a reason, however, for not accepting that particular finding: "The claimant's refusal of back surgery and his refusal of even acupuncture treatment reflects a lack of motivation to improve and return to work." Excerpts of Record (ER) at 8.
 
 
 15
 Third, Makshanoff contends that the ALJ incorrectly found that his claims of pain were contradicted by Dr. Luck's medical findings and statements made to Dr. Luck by Makshanoff. There is substantial evidence for the ALJ's finding.
 
 
 16
 Fourth, Makshanoff maintains that the ALJ incorrectly found that records of the LAC/USC Medical Center indicated that he was not disabled. There is substantial evidence for the ALJ's finding.
 
 
 17
 Fifth, Makshanoff argues that the ALJ incorrectly found a number of inconsistencies in Makshanoff's complaints about continuing and excruciating pain. " 'The ALJ is responsible for determining credibility and resolving conflicts in medical testimony.' " Saelee v. Chater, 94 F.3d 520, 522 (9th Cir.1996) (quoting Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989)). In addition to the deference accorded the ALJ's findings of credibility, there is substantial evidence for the ALJ's finding. For further discussion see the analysis of issue VI.
 
 
 18
 II. THE ALJ DID NOT ERR BY APPLYING THE MEDICAL-VOCATIONAL GUIDELINES (RULE 201.28 OF THE "GRIDS")
 
 
 19
 Makshanoff's claim that sufficient evidence existed as to his nonexertional limitations, mental impairment and severe pain, so as to make the ALJ's application of the grids inappropriate is not persuasive. The use of the grids can be appropriate even when a claimant alleges both exertional limitations and nonexertional limitations. Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.1990) (citation omitted), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir.1991) (en banc). The ALJ properly applied the grids to Makshanoff since the ALJ found that the alleged pain did not significantly detract from his exertional capabilities. See id. Though the ALJ failed to consider whether mental impairment significantly detracted from his exertional capabilities, evidence of mental impairment was not properly submitted to the ALJ. Though Makshanoff maintains that there were numerous references in the record to his mental impairment, he failed to claim a significant mental impairment in his benefits application, failed to submit a medical or psychological report that such impairment was sufficiently serious to limit work activities, failed to raise it at the hearing, and failed to raise it before the Appeals Council. Makshanoff's argument that the mentally impaired frequently do not realize that they are impaired as such and thus he should not be penalized for failing to raise the issue is undermined by his counsel also not raising the issue before the Appeals Council. Since Makshanoff's claim of mental impairment, as a basis for his claim that the ALJ improperly applied the grids, is untimely, we decline to consider it in ascertaining whether the ALJ erred in applying the grids. Avol v. Secretary of HHS, 883 F.2d 659, 661 (9th Cir.1989).
 
 
 20
 With respect to Makshanoff's alleged nonexertional limitation of pain, the ALJ had substantial evidence to support its determination that Makshanoff's claims of severe and excruciating pain were not sufficiently severe to detract from his exertional capabilities. See Bates, 894 F.2d at 1063; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir.1985) (grids inapplicable only if evidence shows that pain prevents claimant from working at any job). There was also substantial evidence to warrant the ALJ's finding that the medical evidence was insufficient and that Makshanoff's subjective assessment was not credible. Since the ALJ made specific reference as to why Makshanoff's claims of pain were not entirely credible and the ALJ did not make his finding based on medical evidence alone, there was substantial evidence to support that the ALJ's finding of lack of credibility was proper. Bates, supra at 1062-63.
 
 
 21
 For further discussion on the credibility of Makshanoff's claims of pain see the analysis of issue VI.
 
 
 22
 III. THE ALJ PROVIDED MAKSHANOFF WITH A FAIR HEARING
 
 
 23
 Makshanoff first claims that the ALJ did not obtain a valid waiver of his right to counsel. Relying on Binion v. Shalala, 13 F.3d 243, 245 (7th Cir.1994), Makshanoff argues that in order for his waiver to be valid the ALJ should have advised him how an attorney could be of aid, the possibility of a contingency arrangement, limitations on attorney fees and the requirement of court approval of fees. In addition to the above requirements not being controlling for this circuit, it is well established in this circuit that a claimant has to make a showing of the resulting prejudice or unfairness stemming from lack of counsel. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985) (citation omitted); Hall v. Secretary of Health, Ed. and Welfare, 602 F.2d 1372, 1378 (9th Cir.1979). Makshanoff neither establishes the requisite resulting prejudice nor even argues that any resulting prejudice stemmed from his lack of counsel.
 
 
 24
 Makshanoff's claim that the ALJ failed to meet its heavier burden when the claimant is without counsel to "scrupulously and conscientiously probe into, inquire of and explore for all relevant facts," Vidal v. Harris, 637 F.2d 710, 713 (9th Cir.1981), is not persuasive. When the ALJ fails to meet his or her heavier burden for a claimant without counsel, remand is appropriate. Id. at 715. Considering that evidence of mental impairment (including alcohol abuse, anxiety and depression) was not fully raised by Makshanoff before the ALJ, the ALJ satisfactorily met his heavier burden to explore all relevant facts under Vidal. Though the ALJ failed to obtain medical reports mentioned in state ALJ Hall's decision, whether such reports should be considered is within the sound discretion of the ALJ. Wilson v. Heckler, 761 F.2d 1383, 1385 (9th Cir.1985). Without a showing from Makshanoff that the ALJ abused his discretion, we will not upset the ALJ's discretionary judgment.
 
 
 25
 IV. THE ALJ DID NOT ERR BY FAILING TO CREDIT A STATE ALJ'S DETERMINATION
 
 
 26
 Makshanoff argues that the ALJ failed to give due consideration to state ALJ Hall's ruling that he was disabled. The ALJ must explain why significant and probative evidence has been rejected. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir.1984). The determinations of another agency, however, are not binding on the Commissioner and in his or her discretion may give it much or little weight. Wilson, 761 F.2d at 1385.
 
 
 27
 Makshanoff's reliance on Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984) (a prior determination of disability gives rise to a presumption of disability requiring the government to show that a claimant has improved in order to deny benefits), is misplaced. Allen, unlike the instant case, involved a prior determination by the same agency and in order to terminate benefits the government had to show that the claimant had improved. Id.
 
 
 28
 V. THE ALJ DID NOT ERR BY FINDING THAT MAKSHANOFF COULD PERFORM A FULL RANGE OF SEDENTARY WORK
 
 
 29
 Substantial evidence exists to support the ALJ's finding that Makshanoff can perform a full range of sedentary work. Makshanoff's reliance on Delgado v. Heckler, 722 F.2d 570, 574 (9th Cir.1983) ("A man who cannot walk, stand or sit for over one hour does not have the capacity to do most jobs available in the national economy.") for his claim that he cannot perform sedentary work is not persuasive. Makshanoff only claims that he cannot sit for prolonged periods, he does not fix a particular duration as to how long that he can or cannot sit. Based not only on objective medical evidence but also on Makshanoff's description of his daily activities of prolonged reading, watching TV, talking on the telephone etc., and his lack of credibility regarding his claims of severe pain, substantial evidence exists that Makshanoff can perform sedentary work. Even Dr. Espinosa, the physician whose determinations and diagnoses Makshanoff principally relies on, opined that Makshanoff could perform light work.
 
 
 30
 VI. THE ALJ DID NOT ERR BY DISCREDITING MAKSHANOFF'S ALLEGATIONS OF PAIN
 
 
 31
 Makshanoff claims that the ALJ's four cited reasons for concluding that his testimony regarding severe pain was not credible is not based on substantial evidence. Despite Makshanoff's arguments, there is substantial evidence to support the ALJ's finding that since his medical records show significant improvement in his experiences of pain, his claims of no significant relief from pain are not credible.
 
 
 32
 Makshanoff's argument that substantial evidence does not exist to support the ALJ's second finding that Makshanoff's refusal of surgery "reflects a lack of motivation to improve and return to work," ER at 8, is not entirely persuasive. Although failure to seek medical treatment cannot be used to infer a lack of credibility of the claimant regarding his or her experience of pain, Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir.1993), the unexplained absence of treatment for pain may be used to impeach credibility. Orteza v. Shalala, 50 F.3d 748, 750-51 (9th Cir.1995). While Makshanoff's present explanations for the absence of treatment for his pain may be compelling, the explanations were not offered to the ALJ at the hearing. The ALJ's determination was supported by substantial evidence.
 
 
 33
 Substantial evidence supports the ALJ's third finding that Dr. Luck's medical records show Makshanoff's significant improvement and Makshanoff's statement to Dr. Luck that he felt well undermine Makshanoff's allegation of continuing severe pain.
 
 
 34
 The ALJ's fourth finding that physicians rejected Makshanoff as a suitable candidate for surgery because his claimed back pain failed to match any anatomical distribution is also supported by substantial evidence. Makshanoff's argument that allegations of pain cannot be discredited solely on the basis of a lack of objective medical evidence, Penny, 2 F.3d at 957, is not persuasive. The ALJ discredits the pain allegations not merely from objective medical evidence but also from statements made by Makshanoff about his daily routine. Doing laundry, reading law and history for at least 6 hours a day, playing a musical instrument, watching television and talking on the telephone with friends is incompatible with the pain that Makshanoff claims. See Fair v. Bowen, 885 F.2d 597, 604 (1989); Orteza, 50 F.3d at 750-51.
 
 
 35
 Makshanoff also claims that if the ALJ noted the disparity between the objective medical evidence and his allegations of severe pain "the possibility of a mental impairment as the basis for the pain should have been investigated." Bunnell, 947 F.2d at 343. Since the ALJ did not consider the possibility of mental impairment, Makshanoff argues, the ALJ's determination is legally deficient. The ALJ's findings that Makshanoff's pain allegations were not credible, his refusal to seek treatment, and his lack of motivation to improve and return to work, however, support an inference that the ALJ found Makshanoff's pain allegations to be exaggerated so as to obtain benefits and not work which would foreclose the necessity of considering mental impairment. See Saelee, 94 F.3d at 522.
 
 
 36
 VII. THE MAGISTRATE DID NOT ABUSE HIS DISCRETION IN FINDING THE ALJ'S DETERMINATION TO BE SUPPORTED BY SUBSTANTIAL EVIDENCE
 
 
 37
 Makshanoff contends that the magistrate, in adopting the ALJ's incorrect findings, committed three abuses of discretion. First, Makshanoff argues the magistrate erroneously found that the ALJ properly developed the record since the magistrate found that there was no reason for the ALJ to inquire into a mental impairment. As discussed in the analysis to issue III, the ALJ satisfactorily met his heavier burden, under the Vidal standard, to develop a full record.
 
 
 38
 Second, Makshanoff claims the magistrate incorrectly agreed with the ALJ that Makshanoff did not meet section 1.05 of the listings without considering whether he equaled the listings. As discussed in the analysis of issue I, there is substantial evidence that the ALJ fully considered, under Marcia, whether Makshanoff equaled, even if he did not meet, the listings.
 
 
 39
 Third, Makshanoff asserts that the magistrate erroneously accepted the ALJ's determination to reject Dr. Espinosa's opinion that Makshanoff was precluded from prolonged sitting. As discussed in the analysis of issue I, given the substantial evidence regarding Makshanoff's daily activities and his unwillingness to seek treatment, the magistrate properly accepted the ALJ's determination.
 
 CONCLUSION
 
 40
 We AFFIRM the district court's grant of summary judgment in favor of Shirley S. Chater, Commissioner of the Social Security Administration.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3