**Janice L. SCHRADER, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, of Social Security, Defendant—Appellee.**

No. 02–17324.

D.C. No. CV–01–02090–JFM.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2004.*

Decided April 19, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Janice L. Schrader, Columbus, NM, pro se.

Grace B. Carter, San Francisco, CA, for Defendant–Appellee.

Before THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM**

Pro se appellant Janice L. Schrader appeals the district court's order affirming the Social Security Commissioner's decision to deny her disability benefits. An administrative law judge ("ALJ") determined that while Schrader suffered from a number of impairments, those impairments did not prevent her from engaging in all work. "We may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.2002) (citation and internal quotation marks omitted). "Substantial evidence" means "more than a scintilla but less than a preponderance." *Id.* (citation omitted). In this case, we affirm because substantial evidence supports the ALJ's decision.

■ 1. The ALJ properly relied upon the opinion of Dr. McIntyre. The opinion of an examining physician is generally accorded considerable weight. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001) (holding that the examining physician's opinion alone constituted substantial evidence). Further, the fact that Dr. McIntyre examined Ms. Schrader after she had begun a regular course of treatment is of no moment. *Cf. Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1092 (9th Cir.1999) (en banc) (giving credence to an evaluating physician's opinion formed over a year after treatment). The ALJ's reliance on Dr. McIntyre's report was also influenced by the fact that it was consistent with a majority of the objective medical findings.

■ 2. The ALJ decided that the medical opinion provided by Ms. Schrader's treating physician, Dr. Malabed, did not

contradict his assessment of Ms. Schrader's residual capacity for work. The ALJ interpreted Dr. Malabed's assessment as relating only to Ms. Schrader's ability to perform her past relevant work, and not all possible work. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954 (citation omitted). Because the ALJ's interpretation of Dr. Malabed's opinion was a reasonable one, we are foreclosed from granting relief on this ground. *See id.*

■ 3. Ms. Schrader also contends that the ALJ failed to give due deference to her state-level disability rating. We disagree. A state's determination of disability is to be accorded as much, or as little, weight as the ALJ deems appropriate. *See Wilson v. Heckler*, 761 F.2d 1383, 1385 (9th Cir.1985).

■ 4. The ALJ provided "sufficiently specific" reasons for discrediting Ms. Schrader's subjective allegations of pain. *Thomas*, 278 F.3d at 958. Further, while Ms. Schrader claims that the ALJ mischaracterized the record while making his determination, the fact that the ALJ's credibility determination was supported by substantial evidence prevents us from second-guessing the ALJ. *Id.* at 959.

■ 5. Ms. Schrader also seeks relief on the ground that several letters she sent to various government officials alleging misconduct by the ALJ have largely gone unanswered. We read these assertions as a claim of judicial bias against the ALJ. However, ALJs are presumed to be unbiased and we have not found anything in the record rebutting that presumption.

See *Rollins v. Massanari*, 261 F.3d 853, 857–58 (9th Cir.2001).

■ 6. Ms. Schrader's final contention is that she was denied the right to counsel in her proceedings before the ALJ and the district court. Although it is regrettable that Ms. Schrader was unable to find an attorney willing to take her case, that circumstance does not entitle her to relief from the ALJ's ruling. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir.1997) (recognizing that there is no constitutional right to representation at Social Security hearings).

**AFFIRMED.**