**NOT FOR PUBLICATION**

FILED

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BILLY LEE MCGUIRE,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   20-35898

D.C. No. 3:20-cv-05095-MAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted December 7, 2021[**]
San Francisco, California

Before: LUCERO,[***] IKUTA, and VANDYKE, Circuit Judges.

Billy McGuire appeals the district court's decision affirming the Social

Security Commissioner's denial of his application for disability insurance benefits

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

under Title II of the Social Security Act. We review the district court's decision upholding the Administrative Law Judge's (ALJ) determination de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

Because an ALJ "may attribute as much or as little weight" to a state finding of disability as the ALJ "deems appropriate," *Wilson v. Heckler*, 761 F.2d 1383, 1385 (9th Cir. 1985) (citation omitted), the ALJ did not err in rejecting the Washington Department of Labor and Industries' finding that McGuire was permanently disabled on the grounds that the finding was inconsistent with the opinions of examining doctors, objective medical evidence, McGuire's daily activities, and McGuire's improvement with treatment.

The ALJ did not err in discounting the opinions of McGuire's treating doctors and certain other medical providers that he was unable to work, because these opinions were contradicted by examining doctors, and the ALJ gave "specific and legitimate reasons" for his decision. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation omitted). In rejecting the specified medical opinions, the ALJ reasonably relied on McGuire's daily activities and physician notes from one of

2

McGuire's intake visits that injections provided McGuire with sustained pain relief.

The ALJ did not commit reversible error in omitting discussion of McGuire's diagnosis for sciatica in its step two analysis, where the ALJ considers whether the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(c). When determining McGuire's residual function capacity in subsequent steps, the ALJ considered the symptoms that McGuire associated with sciatica, namely falling, pain, and the use of a cane. Therefore, any error at step two was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ did not err in rejecting McGuire's testimony about the severity of his symptoms. The ALJ found that McGuire "engages in daily activities inconsistent with the alleged symptoms," which provided a "specific, clear and convincing reason[ ]" to discount his testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036–40 (9th Cir. 2007) (cleaned up). The ALJ found that McGuire used an above-ground pool and drove a high-clearance truck, which the ALJ could reasonably have concluded was inconsistent with a determination that McGuire could never climb ladders or stairs. The ALJ also found that McGuire practiced yoga, which the ALJ could reasonably have concluded was inconsistent with a determination that McGuire could never twist or bend. McGuire also "helped

3

around the house, assisted his home-schooled son with projects," "played games with his children," "went grocery shopping," and "prepared food." The ALJ could reasonably have concluded that these activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113 (citations omitted).

The ALJ properly considered the lay witness testimony of McGuire's family and friend. The ALJ reasonably found that this testimony was inconsistent with McGuire's improvement with treatment, which was a "germane reason" for discounting the lay testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citation omitted). According to McGuire's testimony and the medical evidence in the record, injections provided McGuire with pain relief lasting two months or more, contradicting his wife's statement that the injections helped only for the duration of an airplane flight.

McGuire's testimony that he uses a cane did not preclude the ALJ from finding that McGuire could perform the jobs identified by the vocational expert. First, the vocational expert testified that the use of a cane would not prevent McGuire from performing the sedentary jobs he identified. Second, when determining McGuire's residual functional capacity, the ALJ expressly considered the minimal limitations imposed by McGuire's use of a cane, including that in medical exams, McGuire could walk without a cane "without antalgia," "on heels

4

and toes," and "with a normal gait."  And McGuire was able to perform his daily activities.

    **AFFIRMED.**