46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald S. GLOW, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-36177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 11, 1995.
Decided: Jan. 13, 1995.
 
 Before: WRIGHT and BRUNETTI, Circuit Judges, and KELLEHER,* District Judge.
 MEMORANDUM**
 Glow sought supplemental security income disability benefits under the Social Security Act, 42 U.S.C. Secs. 416, 423(d) and 1382. Adopting the ALJ's finding that Glow was not disabled, the Secretary denied benefits. Glow appeals the district court's grant of summary judgment affirming that decision. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 We review de novo the district court's grant of summary judgment. Corrao v. Shalala, 20 F.3d 943, 945 (9th Cir. 1994). We will uphold the Secretary's decision unless it is not supported by substantial evidence or is based on legal error. 42 U.S.C. Sec. 405(g); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).
 1. Assessment of Glow's Physical and Mental Residual Capacity
 a. Glow's Physical Residual Capacity
 Glow asserts that the ALJ improperly disregarded his treating chiropractor's opinion and his own testimony regarding his pain and physical limitation. Given the diagnosis by the examining physician, Dr. Decker, of minimal or no significant pathology in Glow's spine, which was consistent with Glow's prior medical diagnoses and treatment, the ALJ correctly rejected any inconsistent opinion of Glow's treating chiropractor. See Bunnell v. Sullivan, 912 F.2d 1149, 1152-53 (9th Cir. 1990) (a chiropractor's opinion is not an acceptable medical source for impairment identification, and an ALJ need not accept nor specifically refute a chiropractor's opinion). The judge also found Glow's testimony questionable, and correctly disregarded those parts inconsistent with the underlying medical diagnosis. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (allowing claimant's own daily activities to discredit disability allegations).
 Glow also argues that the ALJ improperly assessed his physical residual capacity without supporting medical evidence. This argument also lacks merit. Dr. Decker, the examining physician, provided the underlying medical diagnosis. Based on this and all other relevant medical records, Dr. Rodney and Dr. Fuller evaluated Glow's residual physical functional capacity. Conclusions so reached are substantial evidence in support of the ALJ's assessment. Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989) (a non-treating, non-examining doctor's report, if consistent with other evidence, is substantial evidence sufficient to support an ALJ's finding).
 b. Glow's Mental Residual Capacity
 Glow argues that the ALJ improperly disregarded Mr. Burgess's assessment and improperly relied only on Dr. Neils' opinion. These contentions also are meritless.
 First, Burgess was Glow's treating clinical social worker and not an acceptable medical source. See 20 C.F.R. Sec. 416.913(a) & (e). Dr. Neils, a consulting clinical psychologist, evaluated Burgess's assessment as "blatantly out of line with the symptoms present at the time and was internally inconsistent." The ALJ did not err by adopting Dr. Neils' analysis and discounting the Burgess report. See Bunnell, 912 F.2d at 1153 (rejecting even a treating physician's opinion if it was unsupported by clinical findings and contrary to the opinions of other examining physicians).
 Second, Dr. Neils' conclusion of moderate impairment is consistent with the majority of the medical reports, notably those of Dr. Allan, Dr. Gardner, Dr. Riley and Ms. Side. The ALJ did not adopt Dr. Neils' opinion in a vacuum but considered it a well-reasoned assessment consistent with other evidence. See Magallanes, 881 F.2d at 752 (a consultative doctor's report, if consistent with other evidence, is substantial evidence).
 2. Accuracy of Hypothetical to the Vocational Expert
 Glow argued for the first time on appeal to the district court that the ALJ presented an inaccurate hypothetical to the vocational expert by assuming no physical limitations. We decline to consider this issue not presented before in an administrative proceeding. See Marathon Oil Co. v. United States, 807 F.2d 759, 767 (9th Cir. 1986).
 3. Dictionary of Occupational Titles
 Glow also argues for the first time on appeal that the vocational expert's testimony was contrary to the Dictionary of Occupational Titles (DOT). We decline to consider this issue not raised below. See Matney, 981 F.2d at 1019.
 4. Attorney Fees
 Glow requests attorney fees under the Equal Access to Justice Act and the Social Security Act. Because he has not prevailed, we deny the request. See 28 U.S.C. Sec. 2412(b); 42 U.S.C. Sec. 406(b)(1).
 
 
 1
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge, Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3