48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lillie SWILLIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-16624.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided Feb. 27, 1995.
 
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CV-F-92-5197-OWW; Oliver W. Wanger, District Judge, Presiding.
 E.D.Cal.
 REVERSED.
 Before: REINHARDT, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lillian Swillis challenges the denial of her application for disability benefits under Title II and Title XVI of the Social Security Act. She alleges that she is disabled by a number of physical and mental impairments, including respiratory distress syndrome, asthma, paravertebral muscle spasms, lower back pain, anxiety, and depression. The Secretary found that Swillis was not disabled and the district court granted summary judgment in favor of the Secretary. We reverse and remand with instructions that Swillis be awarded benefits.
 
 
 3
 Swillis' primary argument is that the Secretary erred in rejecting the opinion of her family doctor, Ulysses S. Curry, M.D. We agree. The Secretary may only reject a treating physician's opinion if she provides "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987). In this case, the Secretary failed to provide adequate reasons for rejecting Dr. Curry's opinion. Dr. Curry's report states that Swillis is unable to perform any gainful employment and that her disability is expected to last for more than twelve months. Although the Administrative Law Judge's decision asserts that the opinion of Dr. Curry conflicts with that of Swillis' neurologist, Ahsan K. Bajwa, M.D., nothing in Dr. Bajwa's report contradicts Dr. Curry's opinion. The Secretary's other reasons for disregarding Dr. Curry's opinion are insufficient to meet the Winans standard.
 
 
 4
 Where no useful purpose would be served by remanding for further proceedings, benefits should be awarded. See Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.1990). If the Secretary had credited Dr. Curry's opinion, she would have been compelled to find Swillis disabled. We therefore remand with instructions that Swillis be found disabled and awarded benefits.
 
 
 5
 REVERSED and REMANDED for payment of benefits.
 
 
 6
 KLEINFELD, Circuit Judge, dissenting.
 
 
 7
 I respectfully dissent.
 
 
 8
 The Administrative Law Judge wrote a careful and thorough decision explaining why he did not adopt the view taken by Dr. Curry, Ms. Swillis's treating physician. He noted that Dr. Curry was unaware of Ms. Swillis's prior work as a chicken tagger and vegetable processor, and Dr. Curry's opinion that Ms. Swillis could not work at all was based on his incorrect assumption that her only prior work was in a chemical plant. He noted the contradiction between Dr. Curry's view that Ms. Swillis could never again work at all, and Dr. Bajwa's opinion that she was a candidate for vocational rehabilitation, implying that she could work after rehabilitation. He also noted that physicians specializing in the kinds of problems Dr. Curry diagnosed disagreed with Dr. Curry's views.
 
 
 9
 Most important, the Administrative Law Judge noted that Dr. Curry's diagnosis relied entirely upon subjective complaints unsupported by objective findings, and where Dr. Curry's diagnosis was capable of verification or falsification by objective tests, the diagnosis turned out to be incorrect. For example, Dr. Curry's diagnosis of "acute respiratory distress syndrome secondary to chemicals" was unsupported by any pulmonary function studies. His primary diagnosis, myositis, was contradicted by the EMG. The normal neurological findings, normal EMG, normal electroencephalogram, and normal MRI left little medical explanation for Ms. Swillis's symptoms, upon which Dr. Curry based his diagnosis, except for the psychiatric explanation. Her demonstrated psychiatric disability was not so severe as to allow for a disability determination based upon it.
 
 
 10
 A treating physician's opinion as to disability is not conclusive. Where the evidence in the record is inconsistent the Secretary "will weigh all of the evidence and see whether [she] can decide whether ..." the claimant is disabled. 20 C.F.R. Sec. 404.1527(b)(2). The opinion of specialists and the results of objective clinical tests, which cut against the opinion of the treating physician, can provide substantial evidence on the record as a whole for the Secretary to go against the opinion of the treating physician and find that no disability was shown. Bunnell v. Sullivan, 912 F.2d 1149, 1153 (9th Cir.1990) (portion of the opinion not reviewed en banc); 20 C.F.R. Secs. 404.1527(d)(3) & (5). When, as here, the ALJ summarizes the facts and conflicting clinical evidence in a detailed and thorough fashion, before choosing to reject the unsupported finding of the treating physician, the decision should be upheld. Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir.1989). We should affirm, in my view, because the Secretary's decision is supported by substantial evidence on the record taken as a whole.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3