Antonio **SANFILIPPO**, Plaintiff—
Appellant,

v.

Michael J. **ASTRUE**,* Commissioner
of Social Security, Defendant—
Appellee.

No. 06–56479.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2008.

Filed April 18, 2008.

Thomas G. Roche, Esq., Mary N. Mitchell, Esq., Law Office of Thomas G. Roche, San Diego, CA, for Plaintiff–Appellant.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

**552**

Thomas C. Stahl, Esq., Office of the U.S. Attorney, San Diego, CA, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Antonio Sanfilippo appeals the district court's order affirming the final decision of the Commissioner of Social Security that Sanfilippo is not entitled to Social Security Disability Insurance Benefits. The parties are familiar with the facts, which we repeat here only to the extent necessary. This court has jurisdiction under 28 U.S.C. § 1291. We review the Commissioner's denial of benefits de novo, *see Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir.2004), and reverse.

This court will affirm the Commissioner's decision if it is supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is more than a mere scintilla but less than a preponderance." *See Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1011 (9th Cir.2003) (internal quotation marks omitted).

Generally, the administrative law judge will afford more weight to the opinions of treating medical professionals. 20 C.F.R. § 404.1527(d)(2). However, a treating physician's opinion is not binding. *Batson,* 359 F.3d at 1195. Where an administra-

tive law judge rejects the opinion of the treating physician in favor of a conflicting opinion, she must provide "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (internal quotation marks omitted); *see also Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

Here, the administrative law judge rejected the opinion of Sanfilippo's treating physician, Dr. Marc Rose. Sanfilippo argues that the administrative law judge failed to identify "specific and legitimate" reasons or substantial evidence for rejecting the treating physician's opinion.

An ALJ must "give more weight to opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective ... that cannot be obtained from ... individual examinations." 20 C.F.R. § 404.1527(d)(2). "When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001)

■ De novo review of the record reveals that here, contrary to the ALJ's decision, Dr. Rose's opinion is not brief, conclusory, or unsupported. The record includes Dr. Rose's clinical findings, as well as extensive descriptions of Sanfilippo's pain management consultation and a thorough residual function questionnaire. The ALJ's decision fails to demonstrate that he accorded Dr. Rose's opinion the weight required by the regulatory

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

scheme. Because the ALJ's justification for rejecting Dr. Rose's opinion is not a specific and legitimate reason, we need not address whether substantial evidence supported the ALJ's reasoning.

Sanfilippo also argues that the ALJ applied the wrong legal standard to the opinion of a treating chiropractor. The ALJ stated that a chiropractor is not an "acceptable medical source," and that therefore a chiropractor's opinion is not entitled to controlling weight. The ALJ is correct that a chiropractor is not an "acceptable medical source." 20 C.F.R. § 404.1513(a). However, an ALJ "may" consider the opinion of an "other" medical source, such as a chiropractor, to determine the severity of an impairment. 20 C.F.R. § 404.1513(d)(1). 20 C.F.R. § 404.1527(d) states that "regardless of source," the Social Security Administration "will evaluate every medical opinion [it] receive[s]." The ALJ applied the wrong standard with regard to the opinion of the treating chiropractor. Accordingly, we remand for the administration to apply the proper standard to the treating chiropractor's opinion.

Accordingly, we REVERSE with instructions to the district court to REMAND this case to the Commissioner of Social Security for further proceedings consistent with this memorandum disposition.

FERNANDEZ, Circuit Judge, concurring and dissenting:

I agree that the ALJ erred in his assessment of Dr. Rose's opinion. However, I disagree as to Dr. Reese, whose opinion is not entitled to the same deference and analysis as that accorded to the opinion of a medical doctor. *See* 20 C.F.R. § 404.1513(d)(1); *Bunnell v. Sullivan,* 912 F.2d 1149, 1152 (9th Cir.1990), *rev'd en banc on other grounds,* 947 F.2d 341 (9th Cir.1991). Thus, I concur in part and, respectfully, dissent in part.