**Paula L. HUBBLE, Plaintiff—Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 06–17117.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 7, 2008.

Eric G. Slepian, Phoenix, AZ, for Plaintiff–Appellant.

Paul K. Charlton, Office of the U.S. Attorney, Phoenix, AZ, Deborah Lee Stachel, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: PAEZ and BERZON, Circuit Judges, and BAER, District Judge.*

MEMORANDUM **

Plaintiff–Appellant Paula Hubble appeals the district court's decision to remand her claim for disability insurance benefits for further administrative proceedings. Hubble seeks benefits for the period of May 8, 2002, the date she stopped working due to her condition, through November 23, 2003. Hubble argues that the remand should have been for a calculation of benefits and not for further administrative proceedings. Under these circumstances, we review the district court's decision to remand for abuse of discretion. *Benecke v. Barnhart,* 379 F.3d 587, 590 (9th Cir.2004). We reverse and remand for a calculation and payment of benefits.

Here the Commissioner acknowledged, and the district court concluded, that the ALJ erred when he discredited Hubble's testimony of pain for lack of supporting objective medical evidence. It was legal error to discredit Hubble's testimony on

---

* The Honorable Harold Baer, Jr., Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

this basis, because she satisfied the test established in *Cotton v. Bowen,* 799 F.2d 1403 (9th Cir.1986), *superseded by statute on other grounds as stated in Bunnell v. Sullivan,* 912 F.2d 1149 (9th Cir.1990), by (1) producing objective evidence of an impairment; and (2) demonstrating that the impairment could reasonably be expected to produce the symptoms alleged; there was no evidence of malingering; and the ALJ failed to provide "clear and convincing" reasons to discredit her testimony. *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993). In its summary judgement ruling, the district court echoed the ALJ's finding that "Plaintiff has severe impairments consisting of degenerative joint disease and chronic pain. The medical evidence justifies this conclusion." No. 05–1383, Order at 10 (D.Ariz. Sept. 29, 2006). Accordingly, on this record, we credit her testimony as true. *Harman v. Apfel,* 211 F.3d 1172, 1178–79 (9th Cir.2000) (citing *Varney v. Sec'y of Health and Human Servs.,* 859 F.2d 1396, 1398–99 (9th Cir. 1988)).

Further, it is clear from the vocational expert's testimony that when Hubble's testimony is appropriately credited, the ALJ would be required to find Hubble disabled. "When an 'ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant is disabled if he had credited the claimant's testimony,' we remand for a calculation of benefits." *Orn v. Astrue,* 495 F.3d 625 (9th Cir.2007).

**REVERSED** and **REMANDED** for a calculation of benefits.