MEMORANDUM **
Kelly Clark appeals the district court’s grant of summary judgment to the Commissioner of Social Security. On appeal he makes three contentions. First, Clark contends that he was denied due process when the Social Security Appeals Council neglected to send him notice of its consideration of his petition. Second, Clark argues that the Administrative Law Judge (“ALJ”) was obligated to develop a record with regard to his physical disability. Finally, he claims that the ALJ improperly rejected the opinion of Clark’s treating psychiatrist. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. Due Process
Clark contends that the Appeals Council has an established practice of sending a letter to a claimant when it is preparing to review his or her petition for review. Such a letter allegedly provides a claimant with twenty-five days to supply additional evidence that the claimant wishes the Appeals Council to consider. Clark further asserts that he never received such a letter in this case, and that such a failure amounts to a violation of his due process rights.
We disagree. Regardless of whether such a practice of sending notice letters in fact exists, the record in this case reflects that no deprivation of due process occurred. When Clark was informed of the ALJ’s decision to deny benefits, the accompanying notice instructed that he “should submit any new evidence you wish the Appeals Council to consider with your request for review.” Clark never submitted any new evidence. Even if Clark expected to receive a letter in the future, this notice unambiguously informed Clark that he was required to submit any new evidence with a request for review. See Hibbs v. Dep’t of Human Res., 273 F.3d 844, 873 (9th Cir.2001) (“Because they gave Hibbs clear notice and a full opportunity to be heard, the procedures followed by the Welfare Division amply satisfy the due process requirements.... ”).
2. Clark’s Physical Complaints
Clark argues that the ALJ should have developed the record with regard to Clark’s physical complaints. We disagree. Clark only filed for benefits relating to mental health issues, and Clark’s attorney at the hearing essentially disclaimed a physical basis for an award of disability. Clark’s medical record further reflects that Clark did not complain of any disabling physical problems. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir.2001) (“An ALJ’s duty to develop the record further is triggered only when there is *572 ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence”)- Since the existing record was adequate to allow evaluation of Clark’s claims, and there was no ambiguity in the evidence, the ALJ had no obligation to further develop the record.
3. Clark’s Treating Physician
Clark next argues that the ALJ improperly rejected the opinion of Dr. Van Dyk, the treating physician, while crediting the opinions of various non-treating individuals. An ALJ is permitted to discount a treating physician’s opinion that is contradicted by other opinions when he cites “specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.” Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986), superseded by statute on other grounds as stated in Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir.1990). The ALJ recited various reasons that justify disregarding Dr. Van Dyk’s opinion. He noted that Dr. Van Dyk’s opinion was inconsistent with some of his own medical records and with Clark’s own testimony regarding his ability to maintain his part-time job. The ALJ also noted that Dr. Van Dyk’s opinion was dramatically more restrictive than the opinion of any other medical source. Taken together, those reasons are sufficiently specific and legitimate to justify rejecting Dr. Van Dyk’s evaluation.
We therefore AFFIRM the judgment of the district court.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.