**Nancy KENT, f/k/a Nancy Ball, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Social Security Administration, Defendant—Appellee.**

No. 07–36084.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2009.

Filed May 29, 2009.

Patrick Sheehy, Halverson, Sheey & Plath, Billings, MT, for Plaintiff–Appellant.

Leif M. Johnson, Esq., Office of the U.S. Attorney, Billings, MT, Pamela M. Wood, Esq., Social Security Administration, General Counsel's Office, Denver, CO, for Defendant–Appellee.

Before: WARDLAW, PAEZ, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Nancy Kent appeals the district court's affirmance of an administrative law judge's ("ALJ") denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a. Kent is clinically diagnosed with Crohn's disease, a noncurable disorder that causes inflammation of part of her digestive tract. The ALJ concluded that Kent was not disabled at step two of the five-step sequential evaluation process, see Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir.1995), because her impairment was not severe, and denied her benefits without considering whether she has the residual functional capacity to return to her previous work or to any other work. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for additional proceedings.

1. The ALJ's step-two determination that Kent's "Crohn's disease is not a medically determinable 'severe' impairment" is not supported by "substantial evidence." See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir.2005) (internal quotation marks omitted); see also id. ("[A]n ALJ may find that a claimant lacks a medically severe impairment ... only when his conclusion is 'clearly established by medical evidence.'" (quoting S.S.R. No. 85–28 (1985))). "An impairment ... may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Id. at 686 (alteration and internal quotation marks omitted). Kent testified that she has abdominal pain, cramps, and diarrhea approximately five days a week that force her to remain in a restroom for four to six hours a day. She also testified that she must avoid standing for more than forty-five minutes and lifting or carrying anything in order to avoid an accidental bowel movement. Pursuant to Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986) (per curiam), superseded by statute on other grounds as recognized by Bunnell v. Sullivan, 912 F.2d 1149, 1154 (9th Cir.1990), she produced "objective medical evidence"—including a November 2003 colonoscopy—"of an underlying impairment which could reasonably be expected to produce the ... symptoms alleged," see Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996) (internal quotation marks omitted). The ALJ failed to make a credibility determination and also failed to set forth "clear and convincing" reasons for rejecting Kent's testimony, as is required when there is no "affirmative evidence showing that the claimant is malingering." See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.1998). Kent's testimony, coupled with her treating physician's diagnosis and finding of disability, is "sufficient to pass the de minimis threshold of step two." See Webb, 433 F.3d at 687.

2. The ALJ also erred by rejecting the treating physician's medical and disability opinions without providing "spe-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cific and legitimate" reasons for doing so. *See Andrews v. Shalala*, 53 F.3d 1035, 1037 (9th Cir.1995). Contrary to the ALJ's statement, there is not substantial evidence of inconsistency between Dr. Leibold's conclusion that Kent was disabled and either his treatment notes or other evidence in the record. Reading Dr. Leibold's "statements ... in context of the overall diagnostic picture he draws," *see Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir.2001), his treatment notes establish that Kent's Crohn's disease, as is typical, manifests itself in recurring periods of flare-ups and responds to a heavy but unsustainable dose of medication. To the extent the ALJ relied on the opinion of Dr. Campodonico, the non-treating, non-examining physician, that opinion cannot constitute substantial evidence, *see Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (per curiam), because "we have proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it," *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.1999) (citing *Smolen*, 80 F.3d at 1284).

■ 3. We decline to remand for an immediate award of benefits because there are "outstanding issues that must be resolved before a determination of disability can be made." *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.2004). The ALJ must analyze steps three through five and determine whether Kent's condition is so severe as to be automatically disabling at step three, or, if not, whether she retains the residual functional capacity to return to her past work or any other work. *See Lester*, 81 F.3d at 828 n. 5.

**REVERSED and REMANDED for additional proceedings.**