**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PAULSON, | No. 08-36049 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00257-AC |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM * |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted December 11, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

David Paulson appeals the district court's order affirming the

Commissioner's decision denying Paulson Social Security Disability insurance

benefits. Because the Administrative Law Judge's ("ALJ") decision to discredit

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

various sources of evidence presented by Paulson and the ALJ's determination that Paulson's condition does not meet or equal the requirements of Listing 1.04B are both supported by substantial evidence, we affirm.

"[W]e review de novo the district court's order upholding a decision of the Commissioner denying benefits to an applicant. The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted).

We first hold that the ALJ's decision to discredit Paulson's testimony and various medical opinions is supported by substantial evidence. Paulson's doctors consistently concluded that Paulson's reported symptoms exceeded those that could be attributable to their objective medical findings, and Paulson's activities contradict his reported limitations.

The ALJ also provided clear and convincing reasons for discrediting the opinions of Drs. Kruger, Anderson, Jacobs, Green, and Gritzka.[1] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). The ALJ properly discredited Dr. Kruger's opinion because it was based solely on an interview with

_____

[1] Because we affirm the ALJ's challenged determinations on the merits, we do not address the Commissioner's alternative argument that the law of the case precludes Paulson from challenging them here.

2

Paulson, whom the ALJ properly found not credible for the reasons given above. The ALJ also properly discredited Dr. Anderson's opinion because it was similarly based on Paulson's report of his subjective symptoms. The ALJ properly discredited Dr. Jacobs's opinion because it was inconsistent with Dr. Jacobs's own prior treatment notes, including those indicating that Paulson's subjective symptoms could not be explained by objective medical evidence. The ALJ, therefore, also properly discredited Dr. Green's opinion, which was based heavily on Dr. Jacobs's opinion. Further, the ALJ properly discredited Dr. Gritzka's opinion because Gritzka was neither a treating nor an examining physician, and thus his opinion was superseded by the opinions of Paulson's treating and examining physicians. Finally, the ALJ did not err in relying on Dr. Carvalho's opinion, which constituted competent evidence.

The ALJ also did not err in failing to consider the opinion of Paulson's chiropractor, Mr. Christensen, because Mr. Christensen's opinion contradicts acceptable medical sources, which must be given greater weight. *See* 20 C.F.R. § 404.1513(d)(1); *see also Bunnell v. Sullivan*, 912 F.2d 1149, 1152 (9th Cir. 1990) ("[A] chiropractor . . . is not considered an acceptable medical source. Although a claimant is free to offer chiropractic evidence to help the Secretary understand his inability to work, there is no requirement that the Secretary accept or specifically

3

refute such evidence.") (internal citations omitted) (vacated and superseded on rehearing on other grounds).

Second, we hold that the ALJ's determination that Paulson's condition does not meet or equal the requirements of Listing 1.04B, Disorders of the Spine, 20 C.F.R. Pt. 404, Subpt. P, § 1.04, is supported by substantial evidence. The ALJ noted that Paulson's medical record contains various medical images of Paulson's back and related medical findings, none of which mention spinal arachnoiditis. *See* 20 C.F.R. Pt. 404, Subpt. P, § 1.04 (stating that arachnoiditis may be "confirmed by . . . appropriate medically acceptable imaging"). The ALJ also did not err in concluding that Paulson's combined physical and mental impairments did not equal this listing.

**AFFIRMED.**