**NOT FOR PUBLICATION**

FILED

JUN 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON L. EVERSON, | No. 13-35072 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05960-RBL |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 3, 2014[**]
Seattle, Washington

Before: GOODWIN, McKEOWN, and WATFORD, Circuit Judges.

**1.** Substantial evidence supports the Administrative Law Judge's (ALJ)

conclusion that Ms. Everson did not have the severe medically determinable

physical impairments of fibromyalgia or chronic pain syndrome. *See* 20 C.F.R.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 404.1520(a)(4)(ii). None of Everson's treating or examining physicians definitively diagnosed either condition. Moreover, two of the doctors who suggested Everson might suffer from either condition concluded that she was, in any event, not significantly impaired. Even if the ALJ erred at this stage, any error was harmless. The ALJ explained that he considered Everson's subjective experience and reports of symptoms related to chronic pain and fibromyalgia in assessing her residual functional capacity.

2. The ALJ's residual functional capacity determination was supported by substantial evidence. First, the ALJ provided several specific and legitimate reasons for his rejection of the controverted opinions of Drs. Tomski and Havsy, properly "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986) (per curiam), *superseded by statute on other grounds as recognized in Bunnell v. Sullivan*, 912 F.2d 1149, 1154 (9th Cir. 1990). The ALJ reasoned, for example, that both opinions were inconsistent with Everson's treatment record over time as well as the opinions of at least three examining physicians and the state's medical expert.

Nor did the ALJ err in weighing the remaining expert evidence. Everson argues that the ALJ erred in failing to explicitly discuss certain test results, clinical

findings, and treatment notes made by seven other doctors, a chiropractor, and a physical therapist. But the ALJ did discuss all of the expert opinions, both by reference to exhibit numbers and through detailed discussions of the doctors' key conclusions. An ALJ "need not discuss all evidence presented to her." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam) (emphasis removed). Rather, an ALJ need only "summarize[] the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ amply fulfilled this requirement.

**3.** The ALJ offered specific, clear, and convincing reasons for rejecting Everson's testimony about the intensity and limiting effects of her symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). First, the objective medical record conflicted with Everson's testimony. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Second, the ALJ identified several inconsistencies between Everson's daily activities and her testimony. For example, Everson testified that she could not use her hands for gross or fine manipulation, but she also testified that she regularly grips a steering wheel when driving, uses a cane, and uses her hands for

dressing and grooming. As the ALJ observed, Everson's ability to use her hands was relevant to her ability to perform past relevant work as an office assistant.

**4.** The additional evidence submitted by Everson to the Appeals Council after the ALJ issued his decision does not change our conclusion that, "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r, Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). Dr. Wohns ultimately recommended only that Everson obtain further evaluation, while Dr. Steinitz concluded that any abnormalities he detected through electromagnetic study were "unimpressive." Neither expert identified additional limitations caused by Everson's conditions.

**AFFIRMED.**